DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Porter, appeals from the sentence imposed as a result of his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was arrested as a result of selling crack cocaine to an undercover police officer. At trial, Detective Tim Harvey testified that he was flagged down in front of Appellant's house by an unknown male. Appellant then approached Detective Harvey's vehicle and the following dialogue occurred:
Detective Harvey: "Anything happening?"
Appellant: "What are you looking for?"
Detective Harvey: "I'm looking for a 20."
Detective Harvey went on to testify that a "20" referred to a rock of crack cocaine that weighed approximately .20 grams and cost $20. He then noted that Appellant took his $20 and returned with crack cocaine. Detective Harvey then drove away from the scene and alerted the takedown team that a buy had occurred. Shortly thereafter, Appellant was arrested.
 {¶ 3} At trial, Detective Harvey identified Appellant as the individual who had sold him crack cocaine. Additionally, Detective Al Jones testified that he had first observed and identified Appellant in front of the residence and informed Detective Harvey that Appellant was there. In his own defense, Appellant testified and denied any involvement in the drug sale. At the conclusion of the trial, a jury found Appellant guilty of possession of cocaine, in violation of R.C. 2925.11, and trafficking in cocaine, in violation of R.C. 2925.03, both fifth degree felonies. Appellant was sentenced to six months incarceration on each count, and his sentences were ordered to be served concurrently. Appellant timely appealed his sentence, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in sentencing appellant to a period of incarceration and failing to place appellant on community control."
 {¶ 4} In his sole assignment of error, Appellant argues that the trial court erred in sentencing him to a prison term. Specifically, Appellant argues that the evidence does not support his sentence. We disagree.
 {¶ 5} This Court may not disturb a sentencing decision unless clear and convincing evidence demonstrates that the sentence is either unsupported by the record or is contrary to law. R.C. 2953.08(G)(2);State v. Yeager, 9th Dist. Nos. 21092 21107, 2003-Ohio-1809, at ¶ 5. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Appellant's burden, therefore, is to identify clear and convincing evidence from the entire record which demonstrates that his sentence is not supported. See App.R. 16(A)(7); Loc.R. 7(A)(7). Appellant has not met his burden.
 {¶ 6} In its journal entry, the trial court stated as follows: "The Court has considered the record, oral statements, as well as the principles and purposes of sentencing under O.R.C. 2929.11, and the seriousness and recidivism factors under O.R.C. 2929.12."
The trial court went on to find that Appellant had shown no remorse for his actions. See R.C. 2929.12(D)(5). The record also indicates that Appellant had a prior criminal record at the time of sentencing. See R.C.2929.12(D)(2).
 {¶ 7} We also note that the failure of the trial court to make an explicit finding of one of the nine factors listed in R.C. 2929.13(B)(1) does not preclude imposing a prison sentence. State v. Brown (2001),146 Ohio App.3d 654, 658. Additionally, the evidence introduced at trial amply supports a finding that Appellant committed the offense as a part of an organized criminal activity. R.C. 2929.13(B)(1)(e). Detective Harvey testified that several individuals were present at the time of the buy and that Appellant had to retrieve the drugs from another during the drug sale. He further testified that Appellant was arrested almost immediately following the buy, but that he no longer had the money from the buy on his person. As such, Appellant has not demonstrated by clear and convincing evidence that his sentence is unsupported by the record. See R.C. 2953.08(G)(2).
 {¶ 8} Appellant also argues that his right to a trial by jury was violated because the trial court sentenced him more harshly for proceeding to trial. Appellant did not raise a constitutional challenge to his sentence in the trial court and may not do so for the first time on appeal. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. Furthermore, the record offers no support for Appellant's position. After his trial, Appellant refused to take responsibility for his crime. As a result, the trial court imposed a term of incarceration. In no way was Appellant punished for exercising his right to a trial by jury. To the contrary, he was sentenced for refusing to take responsibility for his crimes. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 9} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)